IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT BRUCE BANCROFT,          :     CIVIL ACTION
                                :     NO. 04-3281
          Petitioner,           :
                                :     CRIMINAL ACTION
     v.                         :     NO. 01-665
                                :
UNITED STATES OF AMERICA,       :
                                :
          Respondent.           :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                         November 1, 2005

          Robert Bruce Bancroft has filed for habeas relief
pursuant to 28 U.S.C. § 2255 collaterally attacking his sentence
and asking this Court to vacate, set aside or correct his
sentence.  He presents three arguments: (1) an alleged breach of
the plea agreement by the government for failing to support its
own 18 U.S.C. § 3553(e) motion for a downward departure; (2)
ineffective assistance of counsel; and (3) the Supreme Court's
decision in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531
(2004), prevents this Court's enhancement of his sentence without
a jury.  For the following reasons, petitioner's motion is
denied.


I.   BACKGROUND

          Bancroft pleaded guilty to conspiracy with intent to

1

distribute more than 50 grams of methamphetamine in violation of
21 U.S.C. § 846 and distribution of methamphetamine in violation
of 21 U.S.C. § 841(a)(1).  Bancroft was sentenced by this Court
to a total of 228 months imprisonment, 8 years supervised
release, a $1000 fine and a $200 special assessment.  This Court
granted a § 5K1.1 motion for a downward departure under he
guidelines, but denied a § 3553(e) motion for a downward
departure from the statutory mandatory minimum of ten years
imprisonment.  His co-defendant, Paul Ziglio, was sentenced to 41
months imprisonment.  The sentencing disparity was result of
Bancroft's extensive criminal history.


II.  ANALYSIS

        Section 2255 allows a prisoner in custody to attack his
sentence if it was imposed in violation of the Constitution or
statute, the court lacked jurisdiction to impose it, it exceeds
the maximum allowed by law, or it is otherwise subject to
collateral attack.[1]  See 28 U.S.C. § 2255.  The petitioner is
entitled to an evidentiary haring as to the merits of his claim
unless it is clear from the record that the prisoner is not

---

[1]Section 2255 also has a one-year statute of limitations
that requires the petition to be filed within one-year of the
date on which defendant's conviction became final. See 28 U.S.C.
§ 2255.  Bancroft's petition was timely filed on July 17, 2004 as
his conviction became final on December 8, 2003 upon denial of
certiorari by the United States Supreme Court.

entitled to relief.  See United States v. Victor, 878 F.2d 101, 103 (3d Cir. 1989).  Here, Bancroft is not entitled to relief based on the record and his § 2255 petition to vacate, set aside or correct his sentence should be denied for the following reasons.

A.   Breach of the Plea Agreement.

Bancroft argues that the government breached the plea agreement by failing to make the extent of his cooperation known to the court when the government filed the § 3553(e) motion for a downward departure from the mandatory minimum.  The government filed the § 3553(e) motion and a § 5K1.1 motion under the Sentencing Guidelines, both of which allow the sentencing court to depart from the mandatory minimum and the guideline range, respectively.  At sentencing, however, the government recommended that the court depart from the guideline range, but not below the mandatory minimum because of the defendant's criminal background and recidivism.  It is that failure to argue in support of its own § 3553(e) motion that the defendant argues was a breach of the plea agreement that entitles him to relief.

The Third Circuit addressed this issue on Bancroft's direct appeal.  See United States v. Bancroft, 68 Fed. Appx. 312 (3d Cir. 2003).  There, the court focused on the language in the agreement requiring the government to file the motion and found that the government had not breached the plea agreement.  The

rationale was that once the government filed the § 3553(e) motion to allow the court to depart from the mandatory minimum, the government had fulfilled its duty under the plea agreement.  "The government was permitted to make any argument it wished once it fulfilled its obligation to file the bargained-for motions." See id. at 313 (citing United States v. Medford, 194 F.3d 419, 423 (3d Cir. 1999) (deciding same issue with regards to § 5K1.1 motion under the guidelines)).  Moreover, there was no bad faith by the government because the government's conduct at sentencing comported with the plea agreement.  This Court need not address this issue because it was already adjudicated on direct appeal. See United States v. Lawton, No. 01-630, 2005 U.S. Dist. LEXIS 6123, at * 10 (E.D. Pa. Mar. 21, 2005) ("Section 2255 generally 'may not be employed to relitigate questions which were raised and considered on direct appeal.'" (quoting United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993))).

    B.   Ineffective Assistance of Counsel.

         Defendant also argues that his sentence should be corrected for ineffective assistance of counsel during plea bargaining and sentencing because his lawyer (1) said he would receive a sentence below the mandatory minimum if he pleaded guilty, (2) did not object to discrepancies in the Presentence Investigation report ("PSI") and (3) advised him that any objections to the PSI might have aggravated the terms of the plea

4

agreement.  To succeed on an ineffective assistance of counsel claim, Bancroft must show (1) that counsel's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's mistakes, the result of the proceeding at issue would have been different.  See Victor, 878 F.2d at 103 (citing Strickland v. Washington, 466 U.S. 668, 687-96 (1984)).  In guilty plea cases specifically, the second prong of Strickland "requires that the petitioner show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  See Powell v. United States, No. 03-3754, 2004 U.S. Dist. LEXIS 12964, at *5-6 (E.D. Pa. July 1, 2004) (Robreno, J.) (citing Parry v. Rosemeyer, 64 F.3d 110, 118 (3d Cir. 1995)).

        The reasonableness of counsel's actions here need not be addressed because Bancroft has failed to make a showing of prejudice under the second prong of Strickland.  The only allegation of prejudice lies in a bald statement: "why would I plea bargain for a 19 year sentence?"  See Mot. to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, at 7 (doc. no. 65).  A § 2255 petitioner must make more than a bald assertion that he would not have entered a plea of guilty absent the alleged errors by counsel. See Powell, 2004 U.S. Dist. LEXIS 12964, at *6.

        Moreover, Bancroft stated that he accepted the plea

because counsel advised him that he would get less than the
mandatory minimum at sentencing.  That fact alone does not rise
to the level of ineffective assistance of counsel, for defendant
was given an opportunity during the plea colloquy to state
whether any promises were offered as a part of the plea agreement
and he answered "No."  See Plea Hr'g Tr. at 9-10 (doc. no. 58).
In United States v. Ritter, 93 Fed. Appx. 402 (3d Cir. 2004), the
Third Circuit held that a § 2255 petitioner was not entitled to
relief from his sentence based on a claim that his counsel
promised he would get no more than five years in prison.  There,
the court stated "[w]hatever counsel had told Ritter, clearly
there was no prejudice because Ritter was fully advised at the
time of the taking of the plea that the District Court was not a
party to an agreement or promise of any kind," and therefore need
not comply with any sentencing bargains between counsel.  See id.
at 405.  Even if counsel had advised Bancroft that he would get
less than the mandatory minimum, that fact was not set forth
during the plea hearing and Bancroft again stated that he was not
coerced into pleading guilty and he had no other agreement with
the government other than that which was stated on the record.
See Plea Hr'g Tr. at 21 (doc. no. 58).  In addition, Bancroft's
lawyer specifically stated on the record at sentencing, in
response to Your Honor's questioning, that he was not suggesting
that Bancroft entered into this agreement "thinking that ten

years was the max and that the government is breaching this agreement" by asking for a heavier sentence.  <u>See</u> Sentencing Tr. at 26 (doc. no. 59).

Finally, failure to object to discrepancies in the PSI is not ineffective assistance of counsel per se.  <u>See Padilla v. United States</u>, No. 90-276, 1996 U.S. Dist. LEXIS 14328, at *5-8 (E.D. Pa. Oct. 1, 1996) (in a § 2255 petition, the court held that counsel's failure to object to errors in the PSI was not error because counsel noted those errors in open court and defendant could not identify how the alleged constitutional violation would result in a miscarriage of justice).  Bancroft is still required to show that but for the failure to object to the PSI, the results of the sentencing would have been different. Bancroft does not identify the errors in the PSI of which he complains, nor does he explain any effect they may have had on sentencing.

C.   <u>Application of</u> Blakely v. Washington<u>.</u>

Bancroft argues that this Court unlawfully enhanced his sentence based upon factors not found by a jury beyond a reasonable doubt based on the Supreme Court's decision in <u>Blakely</u>, which held that any factor that increases the penalty for a crime beyond the statutory maximum must be presented to a jury and determined beyond a reasonable doubt. <u>See Blakely</u>, 124 S.Ct. at 2536 (citing <u>Apprendi v. New Jersey</u>, 530 U.S. 466

7

(2000)).  The Third Circuit held in <u>Lloyd v. United States</u>, 407

F.3d 608 (3d Cir. 2005), that a § 2255 petition arguing that a

sentence was imposed in violation of <u>Blakely</u> is governed by the

Supreme Court's intervening decision in <u>United States v. Booker</u>,

125 S.Ct. 738 (2005), which concluded that <u>Blakely</u> applies to the

Federal Sentencing Guidelines.  As in <u>Lloyd</u>, therefore,

Bancroft's § 2255 petition to vacate, set aside or correct his

sentence in light of <u>Blakely</u> is governed by the Third Circuit's

<u>Booker</u> analysis.  <u>See Lloyd</u>, 407 F.3d at 611.

     <u>Booker</u>, the court held in <u>Lloyd</u>, is not retroactive

according to the three prong test set forth by the Supreme Court

in <u>Teague v. Lane</u>, 489 U.S. 288, 310 (1989).  That inquiry

includes (1) whether the conviction became final before the

decision in <u>Booker</u>;[2] (2) whether the rule announced in <u>Booker</u> is

---

    [2]The Third Circuit elaborated on this <u>Blakely</u>-<u>Booker</u>
continuum in a footnote of the <u>Lloyd</u> opinion.  <u>See Lloyd</u>, 407 F.3d
at 611 n.1.  The Court stated:
> We note in passing that some courts, when
> considering the issues now before us, refer
> to the "<u>Blakely</u> rule" and others refer to the
> "<u>Booker</u> rule."  We believe it is appropriate
> to refer to the "<u>Booker</u> rule."  It is the
> date on which <u>Booker</u> issued, rather than the
> date on which <u>Blakely</u> issued, that is the
> appropriate dividing line."  <u>Blakely</u>, as the
> Court of Appeals for the Seventh Circuit
> pointed out, reserved decision about the
> status of the Federal Sentencing Guidelines,
> and <u>Booker</u> established a new rule for the
> federal system.

<u>Id.</u> (citations omitted).  Because <u>Blakely</u> was issued on June 24,
2004, Bancroft's conviction was still final as of the dates of
both relevant opinions.

"new;" and (3) whether an exception for "watershed [rules] of criminal procedure" applies.  See Lloyd, 407 F.3d at 611-612. First, Bancroft's conviction became final before January 12, 2005, the date the Supreme Court issued Booker.  On August 5, 2003, the Third Circuit affirmed Bancroft's sentence and on December 8, 2003 the Supreme Court denied certiorari to Bancroft's direct appeal.  As for the second and third prongs of the Teague inquiry, the Third Circuit determined that the rule announced in Booker is "new" and "procedural," but not "watershed."  Therefore, Booker--and by extension Blakely--"does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005."  See id. at 615-16; see also United States v. Cherynak, No. 04-4243, 2005 U.S. Dist. LEXIS 16799, at *7 (E.D. Pa. Aug. 15, 2003) (following Lloyd to hold that "Defendant cannot claim that his plea was 'constitutionally invalid' based upon Blakely and Booker").

III. CONCLUSION

Bancroft's § 2255 motion requesting this Court to vacate, set aside or correct his sentence should be denied. Bancroft's argument that the government breached the plea agreement by failing to support its own § 3553(e) motion for a downward departure was already decided on direct appeal by the

Third Circuit in the government's favor and is not an appropriate issue for collateral attack.  Bancroft's ineffective assistance of counsel argument does not show that the result of the plea, i.e. Bancroft may not have pleaded guilty, would have been different but for counsel's conduct.  Finally, Bancroft's argument that his sentence is unconstitutional following the Supreme Court's decision in <u>Blakely</u> is wrong because <u>Blakely</u> does not apply retroactively to convictions that became final prior to the Court's decision in <u>Booker</u>.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT BRUCE BANCROFT,      :    CIVIL ACTION
                            :    NO. 04-3281
        Petitioner,         :
                            :    CRIMINAL ACTION
    v.                      :    NO. 01-665
                            :
UNITED STATES OF AMERICA,    :
                            :
        Respondent.         :

## ORDER

**AND NOW,** this **1st** day of **November, 2005,** upon consideration of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, it is hereby **ORDERED** that the petition is **DENIED.**

**IT IS FURTHER ORDERED** that the case shall be marked **CLOSED.**

**AND IT IS SO ORDERED.**

_____

**EDUARDO C. ROBRENO, J.**

11